IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AASIM NASH, | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-1923 |
| v. | : | (Judge Kane) |
| SECRETARY JEFFREY BEARD, et al. | : | |
| Respondents. | : | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

Petitioner, Aasim Nash, an inmate at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 28, 2006. Named as Respondents are Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections, and Tom Corbett, Pennsylvania's Attorney General.[1] Taking judicial notice of related official court filings,[2] the Court will dismiss Nash's current petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as it is a second or successive petition presented without leave of the Court of Appeals.[3]

---

[1] Pursuant to 28 U.S.C. § 2242, the only proper respondent in this matter is Nash's custodian, the Superintendent of SCI-Frackville, Robert D. Shannon. See also Rule 2 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (1977) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). In view of the disposition the Court makes of the petition herein, the Court will not direct an amendment, but will liberally construe the petition as naming the appropriate respondent.

[2] Pursuant to F.R.E. 201, the Court takes judicial notice of the adjudicated facts and procedural history of Nash v. Shanon, et al., 2006 WL 229186, at *1 (M.D. Pa. Jan. 31, 2006) (J. Kane).

[3] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district judge to whom the case is assigned is required to examine a habeas corpus petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

**II.     Background**

The facts in this case, as stated by Nash in his petition (Doc. 1), are unclear; however, based on the official court filings in the related case at Nash, 2006 WL 229186, at *1, the Court has ascertained the following facts and procedural history.  On March 29, 1999, Nash pleaded guilty to the offense of aggravated assault of a correctional officer.  As a result of his plea, Nash was sentenced to eleven and a half (11 ½) to twenty-three (23) months imprisonment, followed by five (5) years probation.  Nash did not appeal the sentence.  On February 6, 2001, Nash's probation was revoked as a result of a violation, and Nash was sentenced to two (2) to seven (7) years imprisonment.  Nash challenged that sentence in his first habeas corpus petition filed in this Court on September 7, 2004.  See id.[4]  This Court, however, on January 31, 2006, dismissed Nash's petition as barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d)(1).  Nash did not appeal that decision.

Presently before the Court is Nash's second habeas corpus petition challenging his sentence of February 6, 2001.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) (codified as amended at 28 U.S.C. §§ 2244 and 2254), in addition to establishing the one-year limitations period that barred Nash's first petition,[5] also bars the filing of a second or successive habeas petition unless the petitioner

---

is not entitled to relief in the district court," and if so determined, "the judge shall make an order for its summary dismissal."

[4] Although Nash did not file a direct appeal of that sentence, on August 7, 2002, Nash filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA").  On March 17, 2003, the petition was dismissed as untimely, and Nash did not appeal.  Thereafter, Nash filed three additional PCRA petitions between April 2003 and December 2003.  Each of these petitions was dismissed as untimely.  Thereafter, Nash filed a petition for writ of habeas corpus with this Court on September 7, 2004.  See Nash, 2006 WL 229186, at *1.

[5] Since all four of Nash's PCRA actions were dismissed as untimely, they did not toll the one-year statute of limitations.  See Schlueter v. Varner, 384 F.3d 69, 73-74 (3d Cir. 2004) (untimely petition for collateral relief does not toll statute of limitations).  Consequently, Nash's challenged sentence, imposed on February 6, 2001, became final after the expiration of the thirty-day appeal period on March 8, 2001.  Thus, by the time his first petition was filed in this

secures leave of the applicable Court of Appeals to proceed. 28 U.S.C. § 2244(b). Therefore, the threshold question presented here is whether the bar to filing a second or successive § 2254 petition applies where the first petition was dismissed as untimely.

## III. Discussion

A second or successive petition for habeas corpus relief is not considered "successive" if the initial habeas corpus petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (a petition filed after the dismissal of a previous petition for failure to exhaust state remedies, which is not an adjudication on the merits, is not a "second or successive" petition); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (a petition raising the same claim as raised in an earlier petition that was dismissed as premature was not a "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A)).

Unlike a petition dismissed for failure to exhaust or as premature, Nash's initial federal habeas corpus petition was dismissed as barred by the applicable one-year period of limitations. Although a dismissal based upon the statute of limitations generally does not involve an examination of the merits of the underlying substantive claims, such a dismissal is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. See Villanueva v. United States, 346 F.3d 55, 58 (2d Cir. 2003) (holding that a petition that has been dismissed as time-barred has been decided on the merits and renders any petition "second or successive" under the AEDPA); United States v. Harris,

---

Court, on September 7, 2004, the one-year limitations period had long since expired. While the AEDPA's limitations period is subject to equitable tolling in certain limited situations, Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998), as this Court found in its previous decision at Nash, 2006 WL 229186, at *1, the record is devoid of any facts that warranted extending the deadline for Nash to file his first habeas petition in this Court.

3

2002 WL 31859440, *3 (E.D. Pa. Dec. 20, 2002).  As the Second Circuit Court of Appeals explained:

> [T]he dismissal of a [§ 2254 or] § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim.  The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected.  Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

Id. at 61.[6]

Accordingly, because Nash filed a federal habeas corpus petition challenging his 2001 conviction that was denied "on the merits," rather than on procedural grounds, this new petition constitutes a "second or successive" petition.  Therefore, Nash is required to seek an order from the Third Circuit Court of Appeals authorizing this Court to consider his petition.  28 U.S.C. § 2244(b)(3)(A).  As Nash has failed to present such authorization, the current petition must be dismissed.

In conclusion, this Court lacks the jurisdiction to consider Nash's petition for habeas corpus relief; thus, the petition will be dismissed without prejudice to Nash's right to seek the necessary authorization form from the Third Circuit Court of Appeals to file a second or successive habeas corpus petition.  An appropriate order follows.

---

[6] The Court observed that its reasoning applied with equal force to habeas petitions filed by state prisoners under 28 U.S.C. § 2254.  Villanueva, 346 F.3d at 60 n.1.

**IV.	Order**

**AND NOW, THIS 17th DAY OF OCTOBER, 2006**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's application to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of filing the petition for writ of habeas corpus.
2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.
3. The Clerk of Court is directed to CLOSE this case.

_s/ Yvette Kane_____
YVETTE KANE, Chief Judge
Middle District of Pennsylvania